IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA,<br><br>Plaintiff,<br><br>v.<br><br>DEFFAA HIZAM GABER, et al.,<br><br>Defendants. | Case No. 23-cv-02428-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT; DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST ANNA MAH AND MARK K. MAH** |

Before the Court is plaintiff Richard Sepulveda's ("Sepulveda") Motion, filed May 22, 2024, "to Enforce Settlement Agreement." No response to the Motion has been filed. Having read and considered the moving papers and the record, the Court rules as follows.[1]

## BACKGROUND

In his Complaint, filed May 17, 2023, Sepulveda alleges that he is "limited in the use of his legs and must use a walker," and, consequently, is "disabled" (see Compl. ¶ 6), that, on two occasions, he visited an establishment known as "N&M Market" ("Market"), located in Oakland, California, to "buy food and drink" (see Compl. ¶ 12), that, during such visits, he encountered "barriers" with respect to the Market's counter and aisles,[2] which barriers "interfered with [his] access to the [Market]" (see Compl. ¶¶ 5, 15),

---

[1] The hearing scheduled for July 25, 2024, is hereby VACATED.

[2] Sepulveda alleges that the counter was too high and not wide enough to use without his "strain[ing]" to reach it, and, additionally, that he had further "difficulty" reaching it due to a "refrigeration unit" that "protruded" in front of it. (See Compl. ¶ 4.a, 4.b.) Sepulveda also alleges that "[s]ome of the aisles" were "too narrow," thus making it "difficult and laborious" to "move about and shop." (See Compl. ¶ 4.c.)

and that, on a third occasion, he was "deterred" from entering the Market, as he could see those "barriers" from the sidewalk (see Compl. ¶ 12). Based on said allegations, plaintiff asserts claims under the Americans with Disabilities Act, as well as claims under California state law, against defendant Deffaa Hizam Gaber ("Gaber"), who is alleged to own and operate the Market (see Compl. ¶ 1), and against Anna Mah and Mark K. Mah (collectively, "the Mahs"), who are alleged to own the real property on which the Market is located (see id.).

After the instant action was filed, Sepulveda, Gaber, and the Mahs signed a written settlement agreement, titled "Mutual Release and Settlement Agreement" ("Agreement"), which Agreement was fully executed on December 13, 2023. (See Mac Bride Decl. Ex. 1.) In the Agreement, defendants stated "they have now already complied, or will comply, by July 7, 2024, with all disability laws, with respect to the service counter and the aisles." (See Mac Bride Decl. Ex. 1 ¶ 3.) Additionally, defendants agreed to pay Sepulveda the sum of $10,000 "within fifteen (15) days of full execution," and Sepulveda agreed to dismiss the instant action with prejudice upon receipt of said sum. (See id. Ex. 1 ¶ 2.) According to Sepulveda, although he was later paid $3,000 (see id. ¶ 6), his "[f]urther attempts to persuade defendants to conform to the schedule [in the Agreement] have been fruitless" (see id. ¶ 7).

**DISCUSSION**

By the instant motion, Sepulveda seeks entry of judgment against defendants in accordance with the terms of the Agreement, namely, judgment in the amount of the outstanding balance of $7,000, as well as an order directing defendants to comply with the provision requiring them to comply with disability laws with respect to the claimed barriers. (See Pl.'s [Proposed] Order, Doc. No. 21-2, at 2:12-15.) Additionally, Sepulveda seeks an award of attorney's fees (see id. at 2:16-17), citing a provision in the Agreement stating that, "[i]n any action to enforce [the Agreement], the prevailing party shall be entitled to attorney's fees and costs" (see Mac Bride Decl. Ex. 1 ¶ 11).

//

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). Here, there is no dispute that all individuals named in the Complaint entered into an agreement to settle the instant action, that the case remains pending, and there appears to be no equitable reason why the Agreement should not be enforced. Further, the Court finds the time spent by Sepulveda's attorney on the instant motion, namely, two hours, and the requested hourly rate, namely, $375, are reasonable.

Before the Court may enter judgment, however, it must determine it has personal jurisdiction over each defendant, which, in turn, requires a finding that "proper service of process" occurred or, if not, that any unserved defendant "consented to jurisdiction or waived the lack of process." See Securities & Exchange Comm'n v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007); id. at 1140, 1148, 1151 (vacating disgorgement order entered against defendants where defendants had not been served with process and had not consented to jurisdiction); Cherry v. Pendleton Capital Management, 2020 WL 3871344, at 2-3 (D. Utah July 9, 2020) (denying motion to enforce settlement agreement where plaintiff failed to show defendant had been served with process; stating "[s]ervice of process and the associated requirement that a plaintiff file proof of service are not optional").

Here, the record reflects that Gaber was properly served with the summons and Complaint (see Doc. No. 7), and, consequently, the Court will grant the motion as to said defendant.

With regard to the Mahs, however, the record reflects Sepulveda has never requested the Clerk issue a summons, let alone that he served them or obtained a waiver of service therefrom. Accordingly, the Court lacks the power to enter judgment against the Mahs, and the motion will be denied as to those two defendants.

The Court next considers whether it should sua sponte extend the deadline to serve the Mahs. In that regard, the Court observes that Sepulveda previously was advised of his failure to serve them and was afforded a significant extension of time to do

so. Specifically, on October 17, 2023, an Order to Show Cause was issued,[3] directing Sepulveda to show cause why his claims against the Mahs should not be dismissed, given his failure to obtain a summons and serve the Mahs.[4] In light of Sepulveda's response thereto,[5] the Order to Show Cause was discharged and the deadline to serve the Mahs extended to February 3, 2024. Thereafter, Sepulveda failed to file proof of service of the summons and Complaint upon the Mahs or to seek a further extension of time to do so. Accordingly, on April 17, 2024, a Further Order to Show was issued, again directing Sepulveda to show cause why his claims against the Mahs should not be dismissed. Although, as noted, Sepulveda subsequently filed the instant motion to enforce the Agreement against all defendants, Sepulveda has not shown he has served the Mahs nor has he shown they have waived service or consented to jurisdiction.

Under such circumstances, the Court declines to further extend sua sponte the deadline to serve the Mahs, and will dismiss the claims against them without prejudice.

## CONCLUSION

For the reasons stated above:

1. To the extent the Motion to Enforce Settlement Agreement seeks an order enforcing the Agreement against Gaber, the motion is hereby GRANTED. Sepulveda shall have judgment against Gaber in the sum of $7,000, plus an award of attorney's fees in the sum of $700, for a total amount of $7,700. Additionally, Gaber, as required under the Agreement shall, if he has not previously done so, comply, by July 7, 2024, with all applicable disability laws with respect to the counter and aisles.

---

[3] At that time, and until May 7, 2024, the instant matter was assigned to Magistrate Judge Sallie Kim.

[4] The same Order also addressed deficiencies regarding Sepulveda's lack of prosecution as to Gaber. Those deficiencies are no longer at issue.

[5] In his response, Sepulveda stated that a process server had unsuccessfully attempted to serve the Mahs, that he intended to seek an order allowing him to effectuate service of process by posting but had not so moved in light of a possible settlement, and that he shortly would move for an order allowing him to effectuate service by posting.

2. To the extent the Motion to Enforce Settlement Agreement seeks an order enforcing the Agreement against the Mahs, the motion is hereby DENIED, and Sepulveda's claims against the Mahs are hereby DISMISSED, without prejudice.

**IT IS SO ORDERED.**

Dated: July 1, 2024

MAXINE M. CHESNEY
United States District Judge